SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant,
MICHAELS STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAMES PATRICK BROWN, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAELS STORES, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:14-05617-CAS-PLA<br>Hon. Christina A. Snyder<br><br>**AMENDED ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br><br>Action Filed:　June 18, 2014<br>Trial Date:　　None Set |

Defendant Michaels Stores, Inc., (hereinafter "Defendant"), in answer to plaintiff James Patrick Brown's (hereinafter "Plaintiff") Complaint, admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1. In response to Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2. In response to Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## PARTIES

3. In response to Paragraph 3 of the Complaint, Defendant denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant denies each and every allegation.

6. In response to Paragraph 6 of the Complaint, Defendant denies each and every allegation.

## FACTUAL ALLEGATIONS

7. In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant denies each and every allegation.

9. In response to response to Paragraph 9 of the Complaint, Defendant denies each and every allegation.

10. In response to Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

11. In response to Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12. In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13. In response to Paragraph 13 of the Complaint, Defendant denies each and every allegation.

14. In response to Paragraph 14 of the Complaint, Defendant denies each and every allegation.

15. In response to Paragraph 15 of the Complaint, Defendant denies each and every allegation.

**FIRST CLAIM FOR RELIEF**

**Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.***

**(Plaintiff Against all Defendants)**

16. In response to Paragraph 16 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 15 of this Answer as set forth above.

17. In response to Paragraph 17 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

18. In response to Paragraph 18 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

19. In response to Paragraph 19 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

20. In response to Paragraph 20 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

21. In response to Paragraph 21 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation.

23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation.

## SECOND CLAIM FOR RELIEF

## Violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*

### (By Plaintiff Against all Defendants)

24. In response to Paragraph 24 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 23 of this Answer as set forth above.

25. In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation.

26. In response to Paragraph 26 of the Complaint, Defendant denies each and every allegation.

27. In response to Paragraph 27 of the Complaint, Defendant denies each and every allegation.

28.     In response to Paragraph 28 of the Complaint, Defendant denies each and every allegation.

29.     In response to Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30.     In response to Paragraph 30 of the Complaint, Defendant denies each and every allegation.

31.     In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's causes of actions and claims.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
(Lack of Standing)

1.     Plaintiff lacks standing to pursue his alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, he never attempted to access Defendant's website, and/or he does not intend to access Defendant's website in the future. Indeed, Plaintiff does not even allege that he attempted to access Defendant's website on a particular date or explain what problems he allegedly encountered. Instead, the Complaint sets forth alleged access barriers found by a "consulting expert" hired by Plaintiff's counsel.

## SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

2.     Plaintiff's claims are barred to the extent that they are based on events that occurred more than two years prior to the date the Complaint was filed. Cal.

Civ. Proc. § 335.1; *see*, *e.g.*, *Californians for Disability Rights, Inc. v. California Dept. of Transp.*, 2009 WL 2982840, *1 (N.D. Cal. 2009) (California's two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California). The Complaint does not identify any particular date that Plaintiff allegedly attempted to access Defendant's website.

### THIRD AFFIRMATIVE DEFENSE
(Effective Access)

3. The alleged barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, Defendant's website nonetheless provided effective access to Plaintiff because any alleged noncompliance as alleged in Paragraph 13 of the Complaint was de minimis, the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website.

### FOURTH AFFIRMATIVE DEFENSE
(Removal of Access Barriers Was Not Readily Achievable)

4. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint, including those alleged in Paragraph 13, was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

### FIFTH AFFIRMATIVE DEFENSE
(Defendant Provided Services Via Alternative Methods)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods but Plaintiff never asked for or sought any assistance.

### SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

6. Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron, but a serial plaintiff who filed this lawsuit to try to extort a monetary settlement.

## SEVENTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

7. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, does not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

## EIGHTH AFFIRMATIVE DEFENSE

(Undue Burden)

8. Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made as alleged in Paragraph 13 of the Complaint, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

9. Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability but Plaintiff never asked for or sought assistance.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

10. Plaintiff failed to properly mitigate his alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's

website in order to improperly stack his damages and therefore is precluded from recovering those alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE
(Fundamental Alteration)

11.   Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint, including those set forth in Paragraph 13 of the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

### TWELFTH AFFIRMATIVE DEFENSE
(Legitimate Business Justifications)

12.   The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

13.   Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Mootness)

14.   Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Equivalent Facilitation)

15. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Reasonable Modifications to Policies, Practices and Procedures)

16. Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability but Plaintiff never asked for or sought assistance.

### PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated: August 12, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Gregory F. Hurley
       GREGORY F. HURLEY

Attorneys for Defendant,
MICHAELS STORES, INC.

-9-

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

Dated: August 12, 2014

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

        By   /s/ Gregory F. Hurley
            GREGORY F. HURLEY

        Attorneys for Defendant,
        MICHAELS STORES, INC.