UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-05617-CAS(PLAx) | Date | October 2, 2014 |
|---|---|---|---|
| Title | JAMES PATRICK BROWN V. MICHAELS STORES, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                        Not Present

**Proceedings:**     (IN CHAMBERS): PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing currently scheduled for October 6, 2014 is hereby vacated, and the matter is taken under submission.

## I. INTRODUCTION & BACKGROUND

On June 18, 2014, plaintiff James Patrick Brown filed this action against defendant Michaels Stores, Inc. ("Michaels") and does 1-10 in Los Angeles County Superior Court. Dkt. 1. Plaintiff alleges claims for (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* On July 19, 2014, defendant removed the complaint to this Court asserting federal question jurisdiction.

On September 2, 2014, plaintiff filed a motion to strike all sixteen of defendant's affirmative defenses. Dkt. 11. Defendant opposed the motion on September 15, 2014, dkt. 16, and plaintiff replied on September 22, 2014, dkt. 19.

## II. LEGAL STANDARD

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-05617-CAS(PLAx) | Date | October 2, 2014 |
|---|---|---|---|
| Title | JAMES PATRICK BROWN V. MICHAELS STORES, INC. ET AL. | | |

simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir.1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal.1996).

## III. DISCUSSION

Plaintiff contends that all sixteen of defendants's affirmative defenses are factually insufficient to provide plaintiff with fair notice. Mot. Str. at 3. Plaintiff further contends that nine defenses should be stricken because they are inapplicable and immaterial. Id. at 6.

Having reviewed the parties' submissions, the Court finds that defendant's answer provides plaintiff with fair notice of the grounds for the defenses asserted therein. See Vogel v. AutoZone Parts, Inc., 2013 WL 2395905. *1 (C.D. Cal. May 31, 2013); Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979). Accordingly, the Court declines to strike any defenses on this basis.

Plaintiff also asserts that the following defenses should be stricken because they are either not affirmative defenses, or are legally inapplicable and immaterial: lack of standing (No. 1); effective access (No. 3); removal of access barriers was not readily achievable (No. 4); technically infeasible (No. 7); undue burden (No. 8); failure to mitigate damages (No. 10); legitimate business justifications (No. 12); good faith (No. 13); equivalent facilitation (No. 15). See generally Mot. Str. The Court finds that these so-called affirmative defenses are not demonstrably "immaterial" and are better resolved on a motion for summary judgment. Accordingly, the Court finds that these nine defenses should not be stricken.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-05617-CAS(PLAx) | Date | October 2, 2014 |
| Title | JAMES PATRICK BROWN V. MICHAELS STORES, INC. ET AL. | | |

## IV.  CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion to strike affirmative defenses in its entirety.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |